IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------X
:
MARTIN MATHYS N.V.              :        3:04 MC 423 (JBA)
:
:
V.                                            :
:
:
MAINTENANCE REPAIR TECHNOLOGY    :        DATE: OCTOBER 7, 2005
CO., INC. d/b/a ACT-MARTCO       :
------------------------------------------------------X

RULING ON PENDING MOTIONS

On August 18, 2004, plaintiff filed a Certification of Judgment for Registration in Another District (Dkt. #1), to which was attached a certified copy of default judgment in <u>Martin Mathys N.V. v. Maintenance Repair Technology Co., Inc., d/b/a ACT-Martco</u>, Civil No. 04-3717(SCR)(ECF), pending in the U.S. District Court for the Southern District of New York ["New York Action"], in the amount of $434,970.16, plus costs and disbursements in the action of $318.50, for a total of $435,288.66, plus seven percent interest.

On July 21, 2005, plaintiff filed a Motion to Compel Compliance with Subpoenas Duces Tecum and brief in support (Dkts. ##2-3),[1] against defendant Maintenance Repair

---

[1]The affidavit of plaintiff's complaint, sworn to July 14, 2005, and the following twenty exhibits were attached to plaintiff's brief (Dkt. #1); copy of the Amended Complaint, filed May 21, 2004, in the New York Action, with attachments (Exh. A); copy of Affidavit of Service on defendant, filed June 30, 2004, in the New York Action (Exh. B); copy of Default Judgment, filed August 6, 2004, in the New York Action (Exh. C); copy of EM/ECF Docket Sheet, Certification of Foreign Judgment, and Default Judgment, filed August 18, 2004, in this case (Exh. D); copies of subpoenas, dated November 30, 2004, upon defendant, Dumas, and Acryltech  (Exhs. E-G); copies of Affidavits of Service, sworn to December 9 & 13, 2004, on ACT-Marco, Acryltech, and Dumas (Exh. H); copy of correspondence, dated June 15, 2001, from Dumas, President of ACT-Martco to plaintiff (Exh. I); copy of correspondence, dated April 21, 2003, from Dumas, President of Acryltech (Exh. J); copy of computerized document regarding ACT-Martco, dated October 26, 2004 (Exh. K); copy of statement of NYS Department of State, Division of Corporations, dated July 7, 2005, regarding defendant (Exh. L); copy of computer printout from NYS Department of State, Division of Corporations, dated October 26, 2004, regarding Acryltech, and dated July 7, 2005, regarding Acryltech (Exh. M); excerpts from copy of List of Exhibitors, for International Bridge Conference

Technology Co., Inc., d/b/a ACT-Martco ["defendant" or "ACT-Martco"], and non-party witnesses Jeffrey Dumas ["Dumas"] and Acryltech, Inc. ["Acryltech"]. Eight days later, U.S. District Judge Janet Bond Arterton referred all discovery matters to this Magistrate Judge. (Dkt. #4.  See also Dkt. #22).   On August 24, 2005, plaintiff's Motion to Compel was granted, in the absence of a timely brief in opposition.  (Dkt. #7).[2]   That same day, non-party witness Dumas filed his Objection (Dkt. #8)[3] and Motion to Quash Subpoena Duces Tecum and brief in support.  (Dkts. ##9-10).[4]  Two days later, non-party witness Dumas filed his Motion to Reconsider and brief in support.  (Dkts. ##11-12).  On September 2, 2005, plaintiff filed its brief in opposition.  (Dkt. #13).  Five days later, non-party witness Acryltech filed its Motion to Quash Subpoena Duces Tecum and brief in support.  (Dkts. ##15-16). On September 16, 2005, plaintiff filed its brief in opposition to the Motion to Quash (Dkt. #19), as well as a reply brief regarding the original Motion to Compel (Dkt. #20).

For the reasons stated below, non-party Dumas' Motion to Reconsider (Dkt. #11) is <u>granted</u>, so that plaintiff's Motion to Compel Compliance with Subpoena Duces Tecum (Dkt. #2) is now <u>granted in part and denied in part</u>, non-party Dumas' Motion to Quash Subpoena Duces Tecum (Dkt. #9) is <u>granted in part and denied in part</u>, and non-party Acryltech's

---

Exhibitors, dated May 25, 2001 (Exh. N); and copies of correspondence between counsel, dated January 7, 10 & 25, March 15, May 9 & 20, 2005 (Exhs. O-T).

[2]On August 2, 2005, this Magistrate Judge filed an Order requiring copies of courtesy copies.  (Dkt. #5).  As Dumas' counsel concedes, he erroneously forwarded courtesy copies to Judge Arterton's Chambers, not these Chambers. (Letter, dated August 25, 2005).

[3]The following two exhibits were attached: copy of Dumas' Affidavit, sworn to August 17, 2005 (Exh. A); and copy of e-mail correspondence between counsel, dated August 11, 2005 (Exh. B).

[4]Attached to the brief (Dkt. #10) was the original of the Dumas Affidavit and another copy of the August 11, 2005 e-mail, <u>see</u> note 3 <u>supra</u>.

Motion to Quash Subpoena Duces Tecum (Dkt. #15) is <u>granted in part and denied in part</u>.

## I.  DISCUSSION

As set forth in plaintiff's various exhibits, plaintiff is Belgium corporation, which manufactures paint products; in May 1992, plaintiff entered into an agreement with defendant, granting defendant the exclusive right to sell plaintiff's products in the United States.  (Dkt. #3, Exh. A).  After plaintiff terminated this agreement, plaintiff delivered and sold paint products to defendant pursuant to outstanding invoices, but defendant failed to make payment.  (<u>Id.</u>).  Plaintiff commenced litigation against defendant in the Commercial Court in Belgium, and on June 30, 2003, judgment was rendered in plaintiff's favor for 309,088.07 Euros, plus interest, and 2,500 Euros for collection costs and 669.32 Euros for costs of administration of justice.  (<u>Id.</u>).  On May 21, 2004, plaintiff commenced the New York Action to enforce the Belgium judgment, pursuant to New York's Uniform Foreign Country Money-Judgments Recognition Act, CPLR Article 53.  (<u>Id.</u>).  As previously indicated, plaintiff thereafter obtained a Default Judgment against defendant in the New York Action (Dkt. #3, Exhs. A-C), whereupon it registered the New York judgment in this court.  (Dkt. #3, Exh. D.  <u>See also</u> Dkt. #19, at 2-3).

On November 30, 2004, plaintiff served subpoenas upon defendant, Dumas, and Acryltech, seeking their deposition and production of twenty-three categories of documents.  (Dkt. #3, Exhs. E-G).  In December 2004, these subpoenas were served upon defendant, Dumas, and Acryltech at 167 Avon Street, Stratford, Connecticut.  (Dkt. #3, Exh. H.  <u>See also</u> Dkt. #19, at 3).  Counsel for plaintiff and for Dumas and Acryltech have been unable to reach an agreement with respect to this matter.  (Dkt. #3, Exhs. O-T).

In June 2001, Dumas sent a letter to plaintiff signed in his capacity as President of ACT-Martco, whereas in April 2003, he sent a letter signed in his capacity as President of
3

Acryltech. (Dkt. #3, Exhs. I-J). According to reports of the NYS Secretary of State, Division of Corporations, both Act-Martco and Acryltech list their address as 43 North Lawn Avenue, Elmsford, NY 10523, the Chief Executive Officer of defendant is listed as Jack Dumas, 5 Barbara Lane, Irvington, NY,[5] while the CEO of Acryltech is listed as Jeffrey Dumas, 167 Avon Street, Stratford, CT. (Dkt. #3, Exhs. K-M). The description for ACT-Martco and Acryltech are identical in the List of Exhibitors for the International Bridge Conference Exhibitors. (Dkt. #3, Exh. N. See also Dkt. #19, at 3-5; Dkt. #20, at 4-5).

In its brief in support of the Motion to Compel, plaintiff asserts that this discovery is necessary, in that plaintiff has a reasonable belief that the debtor, ACT-Martco, has transferred assets to non-parties Acryltech and/or Dumas. (Dkt. #3, at 2-4, citing Integrated Control Sys., Inc. v. Ellcon-National, Inc., 2002 WL 32506289, at *1-2 (D. Conn. May 21, 2002)). Plaintiff has described Acryltech as "an alter ego of ACT-Martco," having shared the same booth at the International Bridge Conference, and having the same employees, officers and customers. (Dkt. #19, at 4; Dkt. #20, at 4-5). In contrast, Dumas asserts that he has no knowledge, possession or control of any documents reflecting finances of defendant, which was owned by his father, and Acryltech is a separate corporation owned and operated by Dumas. (Dkt. #8, at 1-3 & Dumas Aff't; Dkt. #9, at 1-3; Dkt. #10, Dumas Aff't). As a compromise position, Dumas has offered to answer written questions, as opposed to the inconvenience of a deposition. (Dkt. #9, at 3; Dkt. #10, at 3; Dkt. #10, at 2-3). Non-party Acryltech joins in Dumas' arguments. (Dkts. ##15-16).

Plaintiff has observed that defendant ACT-Martco has not appeared in this matter or sought reconsideration of the August 24, 2005 Order (Dkt. #13, at 2), and that non-party

---

[5]Jack Dumas is the father of Jeffrey Dumas, and apparently cannot be located. (Dkt. #3, at 4; Dkt. #19, at 10).

Acryltech has not filed a Motion for Reconsideration (Dkt. #19, at 6; Dkt. #20, at 2). Plaintiff argues that the Motions to Quash are untimely (Dkt. #19, at 7), and that Dumas and Acryltech have failed to meet their burden to quash the subpoenas (at 8-13).

Plaintiff is correct that defendant ACT-Martco has failed to respond, in any fashion, to plaintiff's motion, so that plaintiff's Motion to Compel Compliance with Subpoena Duces Tecum (Dkt. #2) is <u>granted in full with respect to defendant ACT-Martco; defendant ACT-Martco shall respond to the document requests **on or before October 28, 2005** and may be deposed **on or before November 18, 2005**</u>. The evidence presented by plaintiff, thus far, sufficiently supports plaintiff's reasonable belief that the debtor, ACT-Martco, may have transferred assets to non-parties Acryltech and/or Dumas. <u>Integrated Control</u>, 2002 WL 32506289, at *1-2. However, Dumas and Acryltech are correct that a deposition of them at this time may be burdensome. As an initial step, somewhat akin to the suggestion made by the non-parties, to the extent they have any relevant documents, Dumas and Acryltech are to respond to the document requests **on or before October 28, 2005**. If, after reviewing these documents, plaintiff seeks a deposition of Dumas and/or Acryltech, it may renew its motion, **on or before November 30, 2005**.

## II. CONCLUSION

Accordingly, plaintiff's Motion to Compel Compliance with Subpoenas Duces Tecum (Dkt. #2) is <u>granted in full with respect to defendant ACT-Martco</u>; non-party Dumas' Motion to Reconsider (Dkt. #11) is <u>granted</u>, so that plaintiff's Motion to Compel Compliance with Subpoena Duces Tecum (Dkt. #2) is now <u>granted with respect to document production from Dumas, but denied with respect to Dumas' deposition, without prejudice to plaintiff filing a motion to renew</u>; non-party Dumas' Motion to Quash Subpoena Duces Tecum (Dkt. #9) is <u>granted with respect to this deposition and denied with respect to document production from</u>

5

him, and non-party Acryltech's Motion to Quash Subpoena Duces Tecum (Dkt. #15) is granted with respect to its deposition and denied with respect to document production.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 7th day of October, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge