IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------X
:
MARTIN MATHYS N.V.                            :        3:04 MC 423 (JBA)
:
:
V.                                            :
:
MAINTENANCE REPAIR TECHNOLOGY    :        DATE: MAY 25, 2006
CO., INC. d/b/a ACT-MARTCO             :
------------------------------------------------------X

RULING ON MOTION FOR RECONSIDERATION

On August 18, 2004, plaintiff filed a Certification of Judgment for Registration in Another District (Dkt. #1), to which was attached a certified copy of default judgment in <u>Martin Mathys N.V. v. Maintenance Repair Technology Co., Inc., d/b/a ACT-Martco</u>, Civil No. 04-3717(SCR)(ECF), pending in the U.S. District Court for the Southern District of New York ["New York Action"], in the amount of $434,970.16, plus costs and disbursements in the action of $318.50, for a total of $435,288.66, plus seven percent interest. On July 28, 2005, U.S. District Judge Janet Bond Arterton referred all discovery matters to this Magistrate Judge. (Dkt. #4. <u>See also</u> Dkt. #22). Familiarity is presumed with this Magistrate Judge's Ruling on Pending Motions, filed October 7, 2005 (Dkt. #23)["October 2005 Discovery Ruling"].

As the October 2005 Discovery Ruling (at 2-4) explained, plaintiff is a Belgium corporation, which manufactures paint products; in May 1992, plaintiff entered into an agreement with defendant ACT-Martco, granting defendant the exclusive right to sell plaintiff's products in the United States. (Dkt. #3, Exh. A). After plaintiff terminated this agreement, plaintiff delivered and sold paint products to defendant pursuant to outstanding invoices, but defendant failed to make payment. (<u>Id.</u>). Plaintiff commenced litigation against defendant in the Commercial Court in Belgium, and on June 30, 2003, judgment was

rendered in plaintiff's favor for 309,088.07 Euros, plus interest, and 2,500 Euros for collection costs and 669.32 Euros for costs of administration of justice. (Id.). On May 21, 2004, plaintiff commenced the New York Action to enforce the Belgium judgment, pursuant to New York's Uniform Foreign Country Money-Judgments Recognition Act, CPLR Article 53. (Id.). As previously indicated, plaintiff thereafter obtained a Default Judgment against defendant in the New York Action (Dkt. #3, Exhs. A-C), whereupon it registered the New York judgment in this court. (Dkt. #3, Exh. D. See also Dkt. #19, at 2-3).

On November 30, 2004, plaintiff served subpoenas upon defendant, non-party witnesses Jeffrey Dumas ["Dumas"] and Acryltech, Inc. ["Acryltech"], seeking their deposition and production of twenty-three categories of documents. (Dkt. #3, Exhs. E-G). In December 2004, these subpoenas were served upon defendant, Dumas, and Acryltech at 167 Avon Street, Stratford, Connecticut, about which counsel for plaintiff and for Dumas and Acryltech were unable, and remain unable, to reach an agreement. (Dkt. #3, Exh. H. See also Dkt. #19, at 3; Dkt. #3, Exhs. O-T).

In June 2001, Dumas sent a letter to plaintiff signed in his capacity as President of ACT-Martco, whereas in April 2003, he sent a letter signed in his capacity as President of Acryltech. (Dkt. #3, Exhs. I-J). According to reports of the NYS Secretary of State, Division of Corporations, both ACT-Martco and Acryltech list their address as 43 North Lawn Avenue, Elmsford, NY 10523, the Chief Executive Officer of defendant ACT-Martco is listed as Jack Dumas, 5 Barbara Lane, Irvington, NY,[1] while the CEO of Acryltech is listed as Jeffrey Dumas, 167 Avon Street, Stratford, CT. (Dkt. #3, Exhs. K-M). The description for ACT-Martco and Acryltech are identical in the List of Exhibitors for the International Bridge Conference Exhibitors. (Dkt. #3, Exh. N. See also Dkt. #19, at 3-5; Dkt. #20, at 4-5).

---

[1] Jack Dumas is the father of Jeffrey Dumas, and apparently cannot be located. (Dkt. #3, at 4; Dkt. #19, at 10).

Three motions were addressed in the October 2005 Discovery Ruling: (1) plaintiff's Motion to Compel Compliance with Subpoenas Duces Tecum, against defendant ACT-Martco, and non-party witnesses Dumas and Acryltech (Dkt. #2); (2) non-party witness Dumas' Motion to Quash Subpoena Duces Tecum (Dkt. #9); and (3) non-party witness Acryltech's Motion to Quash Subpoena Duces Tecum (Dkt. #15). The October 2005 Discovery Ruling granted plaintiff's Motion to Compel in full with respect to defendant ACT-Martco, which failed to respond, in any fashion, to plaintiff's motion, with documents to be produced by October 28, 2005 and depositions to be held by November 18, 2005. (At 5). The October 2005 Discovery Ruling further held:

> The evidence presented by plaintiff, thus far, sufficiently supports plaintiff's reasonable belief that the debtor, ACT-Martco, may have transferred assets to non-parties Acryltech and/or Dumas. However, Dumas and Acryltech are correct that a deposition of them at this time may be burdensome. As an initial step, somewhat akin to the suggestion made by the non-parties, to the extent they have any relevant documents, Dumas and Acryltech are to respond to the document requests on or before October 28, 2005. If, after reviewing these documents, plaintiff seeks a deposition of Dumas and/or Acryltech, it may renew its motion, on or before November 30, 2005.

(Id.)(citation & emphasis omitted). Thus, plaintiff's Motion to Compel Compliance with Subpoena Duces Tecum (Dkt. #2) was granted in part and denied in part, non-party witness Dumas' Motion to Quash Subpoena Duces Tecum (Dkt. #9) was granted in part and denied in part, and non-party witness Acryltech's Motion to Quash Subpoena Duces Tecum (Dkt. #15) was granted in part and denied in part. (Id. at 2 & 5).[2]

On October 21, 2005, non-party witnesses Dumas and Acryltech filed an Objection (Dkt. #24) to the October 2005 Discovery Ruling (Dkts. ##24-25), as to which plaintiff filed

---

[2] The October 2005 Discovery Ruling also granted non-party witness Dumas' Motion to Reconsider (Dkt. #11). (At 2 & 5).

3

a brief in opposition on November 3, 2005 (Dkt. #26).[3]  Non-party witnesses Dumas and Acryltech filed their reply brief two weeks later (Dkt. #27).[4]  In that the Objection seeks a modification of the October 2005 Discovery Ruling, Judge Arterton's Chambers recently requested that this Magistrate Judge construe the Objection as a Motion for Reconsideration.

I.  DISCUSSION

On the twenty-three requests for production served on non-party witnesses Dumas and Acryltech, they responded that there were no responsive documents for six of them (Nos. 2, 3, 7, 10, 14 & 18), objected to eight requests but represented that they have no documents "involving" or "relating to" ACT-Martco (Nos. 13, 15, 16, 19, 20, 21, 22 & 23), and objected to the remaining nine (Nos. 1, 4, 5, 6, 8, 9, 11, 12, 17) (Dkt. #26, Exh. A).

In their Objection (Dkt. #25), non-party witnesses Dumas and Acryltech continue to object to Nos. 1, 4, 5, 8, 9, 12 & 17 (at 2-3, 4-9, 13-14).[5]  Non-party witnesses Dumas and Acryltech argue that these requests are not limited in time or scope, the information sought is irrelevant, the information sought is personal and private to Dumas, and Acryltech's important commercial privacy rights could be impaired by disclosure.  A report of the NYS Secretary of State indicates that Acryltech was incorporated on February 28, 2000. (Dkt. #3, Exh. M).  In order to protect the privacy and commercial interests of non-party witnesses Dumas and Acryltech, **on or before June 30, 2006**, Dumas and Acryltech shall forward to the Magistrate Judge's Chambers, for her in camera review, all documents responsive to

---

[3]Attached as Exh. A is a copy of the Response to Document Request for Jeffrey Dumas and Acryltech, Inc., dated October 28, 2005.

[4]The following five exhibits were attached: affidavit of counsel, sworn to November 16, 2005 (Exh. A); copies of written correspondence between counsel, dated January 7, January 10, May 20, 2005 (Exhs. B-D); and copies of e-mail correspondence between counsel, dated August 11, August 19, and August 24, 2005 (Exh. E).

[5]See note 7 infra.

Nos. 1, 4, 5, 8, 9, 12 & 17, from February 28, 2000 to the present.

As previously indicated, with respect to Nos. 13, 15, 16, 19, 20, 21, 22 & 23, non-party witnesses Dumas and Acryltech objected, but represented that they have no documents "involving" or "relating to" ACT-Martco. (Dkt. #26, Exh. A. See also Dkt. #25, at 9-13, 14-20). However, given plaintiff's reasonable belief that the debtor, ACT-Martco, may have transferred assets to non-parties Acryltech and/or Dumas, responsive business documents of Dumas and Acryltech, as opposed to personal documents of Dumas, may be relevant.[6] Thus, **on or before June 30, 2006**, similarly Dumas and Acryltech shall forward to the Magistrate Judge's Chambers, for her in camera review, all business-related documents responsive to Nos. 13, 15, 16, 19, 20, 21, 22 & 23, from February 28, 2000 to the present.[7]

## II. CONCLUSION

Accordingly, non-witnesses Dumas and Acryltech's Motion for Reconsideration (Dkt. #25) is granted to the extent that an in camera review is ordered of Requests Nos. 1, 4, 5, 8, 9, 12, 13, 15, 16, 17, 19, 20, 21, 22 & 23 from February 28, 2000 to the present, to the extent set forth above.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

---

[6] For example, No. 13 seeks "[a]ll documents concerning all loans, promissory notes[,] transactions or other indebtedness." Dumas need not produce documents relating to his residential mortgage, personal credit cards, etc., but rather only such documents regarding any business-related debts.

[7] The non-party witnesses also object to No. 3, for which they already have answered that there are no responsive documents. (Dkt. #25, at 3-4; Dkt. #26, Exh. A). Therefore, this Ruling will not address No. 3.

5

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same)**;  Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 25th day of May, 2006.

```
        /s/
Joan Glazer Margolis
United States Magistrate Judge
```